DEREK M. LANDRY
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF STATE POLICE.
No. 2007 CA 0559.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
FLOYD J. FALCON, JR., DANIEL L. AVANT, Counsel for Plaintiff/Appellee Derek M. Landry.
ALLISON A. FITZGERALD, Counsel for Defendant/Appellant Department of Public Safety and Corrections, Office of State Police.
WILLIAM A. NORFOLK, Counsel for State Police Commission.
Before PARRO, KUHN, and DOWNING, JJ.
DOWNING, J.
The defendant, the Department of Public Safety and Corrections (DPSC), Office of State Police, appeals a decision rendered by the State Police Commission (the Commission) on November 30, 2006. The Commission had granted an appeal by the plaintiff and vacated the disciplinary action (a 40-hour suspension without pay and allowances) that had been imposed on the plaintiff, Trooper Derek M. Landry, as a result of alleged violations of State Police policies and procedures committed by him in conjunction with an arrest he made on February 26, 2004. Trooper Landry's appeal was granted in part and denied in part by the Commission. While the Commission found sufficient evidence to overturn the disciplinary action imposed, it also found that the DPSC did not act unreasonably in its handling of this matter; therefore, Landry's request on appeal for attorney fees was denied.
The issue presented on appeal is whether the Commission was arbitrary or capricious in finding the DPSC had failed to prove a violation of procedure and in vacating the disciplinary action imposed. After a thorough review of the record, we affirm.

APPLICABLE LAW
The applicable law is clear and well-settled, as summarized by the Supreme Court in Department of Public Safety and Corrections, Office of State Police v. Mensman, 95-1950 (La. 4/8/96), 671 So.2d 319:
An employee who has gained permanent status in the classified state police service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. ...
The Commission's authority `to hear and decide' disciplinary cases (LA. CONST. art. X, § 50) includes a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction (cause). In reviewing the Commission's findings of fact, a court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. Moreover, in judging the Commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the reviewing court should not modify the Commission's order unless it is arbitrary, capricious or characterized by abuse of discretion.

Mensman, at pp. 3-4, 671 So.2d at 321 (Citations omitted; emphasis added).[1]
A conclusion of a public body is "capricious" when the conclusion has no substantial evidence to support it or the conclusion is contrary to the substantiated competent evidence. The word "arbitrary" implies a disregard of evidence or of the proper weight thereof. Bailey v. Department of Public Safety and Corrections, 05-2474, p. 15 (La. App. 1 st Cir. 12/6/06), 951 So.2d 234, 243.
On appeal, the defendant argues that the Commission's findings of fact are logically inconsistent with its conclusions of law. Specifically, the defendant contends that the Commission found, as a matter of fact, that Trooper Landry had violated police policy and procedure provisions, specifically, provision 01-02.20 (Department Records), which prohibits falsification of reports by its commissioned officers; yet, inconsistently concluded as a matter of law that the defendant failed to prove that Trooper Landry deliberately intended to falsify his arrest report in a purposeful violation of State Police procedure. The Commission expressly based its findings on evidence presented that Trooper Landry's actions may have been the result of confusion on his part as to the deficiencies in his report and how to cure those deficiencies. Defendant asserts the Commission correctly noted police policy provision 01-02.09, which provides that "[i]gnorance of the rules, regulations and directives shall not be considered an excuse or justification for any violation of such by an officer." Defendant contends that the Commission acted contrary to that provision by erroneously inserting a requisite "intentional" element in assessing the Trooper's actions.
The defendant significantly mischaracterizes the Commission's actions. A careful reading of the Commission's decision reveals that it did not make the alleged factual finding that Trooper Landry violated provision 01-02.20 prohibiting the falsification of records. Rather, the Commission listed that provision and detailed its contents in its decision as one of the provisions allegedly violated by Trooper Landry. The Commission did find as a matter of fact that Trooper Landry violated provision 04-03.17 (Mobile Data Terminals) and 01-02.32 (Arrest, Search and Seizure), but concluded as a matter of law that these are "relatively minor violations, warranting a warning and a recommendation of further training." However, while noting that the third alleged violation, falsification of reports, would be a very serious violation sufficient to warrant termination of employment, and "more than enough to warrant a 40 hour suspension," the Commission concluded as a matter of law that the DPSC failed to prove a violation thereof, since the provision itself requires an intentional element: "No officer shall knowingly enter or cause to be entered, any false, inaccurate, or improper information of the facts on any Department records or reports." The Commission expressly concluded:
[I]n this case there is some doubt as to whether [Trooper Landry] deliberately intended to falsify his arrest report ... or whether his modification of the report was the result of confusion on [Trooper Landry's] part as to the deficiencies in his report, how to cure the deficiencies ... . Because of the doubt present here, and while additional training may well be called for as a remedial measure in this case, the Appointing Authority has not carried its burden of proving an intentional violation of procedure and therefore the appeal is granted ... .
(Emphasis added).
We have thoroughly reviewed the record and find there is substantial evidence concerning Trooper Landry's confusion regarding the alleged deficiencies in his arrest report, as well as how to correct the report based on his supervisor's recommendation. This evidence certainly supports the Commission's conclusion that the defendant failed to prove that he knowingly falsified his report. Thus, the Commission was not arbitrary or capricious, nor did it abuse its discretion in vacating the disciplinary action imposed. Accordingly, the Commission's decision is affirmed. The appellant, DPSC, is assessed costs of this appeal in the amount of $733.50.
AFFIRMED.
NOTES
[1] The Mensman case is similar to this one in that it was an appeal by the DPSC of a Commission decision that vacated and reduced disciplinary action imposed on a trooper. The Supreme Court affirmed, finding the Commission acted within its authority and was not arbitrary, capricious or characterized by an abuse of discretion in its decision in reducing the action imposed by the DPSC.